IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD LEE COHEE (01),

    Defendant.

Case No. 13-40101-01-DDC

## MEMORANDUM AND ORDER

Defendant Donald L. Cohee pleaded guilty to one count of failing to register as a sexual offender, violating 18 U.S.C. § 2250(a) and 42 U.S.C. § 16901. Doc. 33 (Judgment in a Criminal Case) at 1. The Court sentenced him on October 20, 2014, to 24 months in custody and five years of supervised release. Doc. 33 at 2-3. Mr. Cohee did not appeal his conviction or sentence. The government reports that Mr. Cohee has completed the custody component of his sentence, but he is now serving the term of supervised release. *See* Doc. 40 at 3.

The case against Mr. Cohee resurfaces now because he has filed a motion under 28 U.S.C. § 2255. Doc. 35. Given the liberal interpretation that *pro se* filings receive, *United States v. Viera*, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012), Mr. Cohee's motion appears to assert a "right to be released" or otherwise to claim that his sentence exceeds the maximum authorized by law. *See* Doc. 35 at 13 (describing the relief requested as, "So I can get out there and take care of my little girl [who] was born on [date] she is only 18 mo old").[1]

---

[1] In a practical sense, Mr. Cohee's release from custody may obviate his need for relief that would allow him to "get out there" and take care of his daughter. But it does not nullify his right to seek relief under § 2255. *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) ("In this circuit, under ordinary circumstances, a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable appellate ruling."). The restrictions imposed during his term of supervised release provide Mr. Cohee with a sufficient stake to dispel any mootness concerns. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding in federal habeas corpus case that

**STANDARD**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Section 2255 also provides that the court must hold an evidentiary hearing on a motion brought under that provision "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not conduct an evidentiary hearing where the factual allegations are inherently incredible, where they amount to conclusions instead of statements of fact, or where they contradict the record. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96–7039, 1997 WL 8842, at *3 (10th Cir. Jan. 10, 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing."); *United States v. Cervantes-Samaniego*, No. 07-20099-JWL, 2012 WL 1788141, at *1 (D. Kan. May 17, 2012).

**ANALYSIS**

Mr. Cohee's motion communicates his theories of attack on his sentence with sufficient clarity for the Court to rule on them. It identifies four grounds for relief. The Court addresses each one separately, in turn, below.

1. **Ground One: Probation Officer's Purported Libel and Slander**

---

"'disabilities or burdens'" such as losing the right to vote are sufficient to provide a "'substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him'") (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1946)). *Cf.* 28 U.S.C. § 2255(a) ("A prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

The first ground asserted by Mr. Cohee's motion asserts that the Probation Officer libeled and slandered him, purportedly by saying that he "would [commit] a other crime." Doc. 35 at 4. This assertion seems to target ¶ 95 of the Presentence Investigation Report (PSR), Doc. 31 at 18, where the PSR's author referenced Mr. Cohee's criminal history. *Id.* (referring to his convictions on three sex crimes and two other crimes with an "underlying sexual tone"); *see also id.* at ¶¶ 27—36 (reciting Mr. Cohee's Adult Criminal Convictions, including convictions for sexual abuse, forcible rape, and child molesting). Based on this history, the PSR reported the Probation Officer's conclusion that Mr. Cohee's criminal history category "under-represent[ed] the likelihood he will commit additional crimes and the seriousness of his criminal history." *Id.* at ¶ 95. While Mr. Cohee objected at sentencing to some aspects of the PSR, *see* ¶¶ 99, 103-111, he never objected to the aspect of the PSR that purportedly defamed him. Likewise, Mr. Cohee never appealed his conviction or the sentence that it produced.[2]

Failing to take a direct appeal can have important consequences for a § 2255 motion. "[W]hen a defendant 'fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered.'" *United States v. Torres-Laranega*, 473 F. App'x. 839, 842 (10th Cir. 2012) (quoting *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996)); *United States v. Mojica-Cruz*, No. 11-40057-JAR, 2015 WL 4523903, at *1 (D. Kan. July 24, 2015). *See also United States v. Frady*, 456 U.S. 152, 166 (1982) ("For this reason, we have long and consistently affirmed that a

---

[2] On the subject of appeal, Mr. Cohee's motion is of two minds. At times, it readily concedes that he never took a direct appeal. *See* Doc. 35 at 4, 7, and 9. But in other parts of his motion, Mr. Cohee references an appeal. *See id.* at 2 (asserting he appealed in case number "13-M-5023-KGS"). Mr. Cohee's reference to case number "13-M-5023" may mean to refer instead to our case number 13-mj-50**7**3. Case number 13-mj-50**7**3 represents an earlier iteration of this case in which the government initially charged Mr. Cohee on a Criminal Complaint filed on August 13, 2013. This case was terminated eight days later, however, when the grand jury indicted Mr. Cohee in the current case, No. 13-40101.

3

collateral challenge may not do service for an appeal."). To establish sufficient "cause" to set aside his failure to appeal directly, Mr. Cohee must "show some external objective factor–such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel–prevented him from raising the issue on direct appeal." *Torres-Laranega*, 473 F. App'x at 842 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Alternatively, a defendant may invoke the "fundamental miscarriage of justice" exception to explain the appeal's absence. The miscarriage of justice exception requires a showing that Mr. Cohee never undertakes here: asserting his actual innocence. *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992)).

On the first ground asserted by his § 2255 motion, Mr. Cohee, perhaps sensing his procedural predicament, tries to establish the requisite cause. His motion asserts that he did not raise this complaint in a direct appeal "[b]ecaus[e] my lawyer Tim Burdick did [not] say anything about it." Doc. 35 at 4.[3] Giving these words their broadest construction, one could read them to make an ineffective assistance of counsel allegation and, in theory, ineffective assistance by his counsel could cure Mr. Cohee's failure to raise this issue in a direct appeal. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001). But this theory also requires Mr. Cohee to show that his counsel's performance was deficient – that is, it fell below an objective standard of reasonable performance – and that this purported deficiency prejudiced his defense. *Id.* (citing *Strickland v. Washington*, 446 U.S. 668, 687 (1984)); *see also Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001). Mr. Cohee's motion makes no effort to shoulder this "highly demanding" burden. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

---

[3] Mr. Cohee's motion omits the word "not," but, in context, it is clear that Mr. Cohee inadvertently omitted this word.

Nor could Mr. Cohee possibly make the requisite showing of prejudice. He pleaded guilty to violating 18 U.S.C. § 2550(a). Mr. Cohee's conviction under this provision required the Court to impose at least five years of supervised release on him. 18 U.S.C. § 3583(k) ("Notwithstanding subsection (b), the authorized term of supervised release for any offense under section . . . 2250 . . . is any term of years not less than 5, or life."). In other words, no attorney could have raised an issue that would have produced a shorter term of supervised release for Mr. Cohee.

The Court concludes that the "records of the case conclusively show that [Mr. Cohee] is entitled to no relief" on the first ground asserted by his motion. 28 U.S.C. § 2255(b). Thus, no hearing is required. *Galloway*, 56 F.3d at 1240 n.1.[4]

### 2. Ground Two: "Freedom of Religion"

Mr. Cohee's second ground for relief relies on his Constitutional right to free exercise of religion. He explains his legal theory in this fashion: "Under the 1st Amendment Freedom of Religion I have the right to be judge[d] by God and not man." Doc. 35 at 5. Mr. Cohee's motion also asserts that he raised this issue in his appeal. *Id.* at 6.

As already explained, the Court conclusively can determine from the case's records that Mr. Cohee never appealed his conviction or sentence. The absence of an appeal bars Mr. Cohee from acquiring relief under § 2255 unless some requisite cause excuses his procedural default. Mr. Cohee's motion never tries to demonstrate the existence of such cause. Unlike the first ground relied on by his motion, Mr. Cohee never asserts that he asked his counsel to raise this

---

[4] While some aspects of Mr. Cohee's motion lack the wherewithal to affect any "practical consequence[] associated with serving a term of supervised release," *Vera-Flores*, 496 F.3d at 1181, other aspects of the motion raise broader issues. For instance, the fourth ground of the motion seems to attack the Court's subject matter jurisdiction to impose a conviction on Mr. Cohee. And as in *Carafas*, Mr. Cohee's conviction continues to affect his civil rights. *See supra* n.1. The Court thus concludes Mr. Cohee's situation differs from the circumstances that rendered the appeal in *Vera-Flores* moot.

issue or assert it in an appeal. And even if he had made an ineffective assistance argument or presented some other reason to excuse the absence of an appeal, it would not help him. Any assertion of the claim asserted in Mr. Cohee's second ground for relief could not have prevailed. *See DeLozier v. Sirmons*, 531 F.3d 1306, 1323 (10th Cir. 2008) (commenting that "counsel is not ineffective for failing to make a motion that would not succeed"). No hearing is necessary to determine that the First Amendment does not strip the Court of jurisdiction to impose a sentence on Mr. Cohee.

### 3. Ground Three: "Free Will"

For the third claim of his motion, Mr. Cohee's words explain his theory:

> I know what the law said but in the Civil Right [it] is said we have Free Will and that mean[s] we have the righ[t] to say NO but the United States Federal Gov. is making us do thing[s] again[st] our Free Will when they can't make us we have the right to say NO under Free Will and it mean[s] no one can make us do anything we don't [want] to do.

Doc. 35 at 7. This ground for relief also fails procedurally because, as Mr. Cohee admits, he never asserted this argument during a direct appeal. *Id.* at 7. And for the same reasons that apply to his second argument, not making the argument Mr. Cohee asserts could never amount to ineffective assistance of counsel (or any other cause sufficient to excuse the missing appeal). *See DeLozier*, 531 F.3d at 1323.

### 4. Ground Four: "Police Department & U.S. Marshals office"

As the final basis for his motion's request for relief, Mr. Cohee's motion asserts:

> The other thing is how can the Topeka Police Department [turn] a case over to the United State[s] Marshals Office when they don't have [any] authority in this case[.] They can't by law because it didn't [happen] on Federal land it was on the State of Kansas.

Doc. 35 at 8. Mr. Cohee again concedes that he did not raise this issue by direct appeal, *id.* at 9, and this omission keeps him from raising it by a § 2255 motion. *See Torres-Laranega*, 473 F.

App'x. at 842. Mr. Cohee does not try to cure this procedural default by invoking an ineffective assistance claim or any other condition that might serve to excuse it. And even if he did, no lawyer could have convinced the Court that it lacked subject matter jurisdiction over Mr. Cohee's case.

Article 1, section 8 of our Constitution empowers Congress to "create, define and punish crimes, irrespective of where they are committed." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (citing *United States v. Worrall*, 2 U.S. (2 Dall.) 384, 393 (1798)). Congress utilized this power when it enacted the law that produced Mr. Cohee's conviction. *See* Doc. 1 at 2 (charging him with violating 18 U.S.C. § 2250(a)), Doc. 33 (judgment convicting him under that statute). And Congress also vested our Court with jurisdiction to hear and determine "all offenses against the laws of the United States." 18 U.S.C. § 3231. Finally, Mr. Cohee's geography-based argument fares no better. So long as "there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States." *United States v. Lampley*, 127 F.3d 1231, 1246 (10th Cir. 1997). This includes the City of Topeka within the state of Kansas where Mr. Cohee was situated, he concedes, when local law enforcement officers arrested him. In sum, Mr. Cohee's allegation is inherently incredible and thus no hearing is necessary to resolve it. *Arredondo*, 178 F.3d at 782.

## CONCLUSION

The Court holds that no condition exists to entitle Mr. Cohee to relief under 28 U.S.C. § 2255.

**THEREFORE, THE COURT ORDERS THAT** defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (Doc. 35) is denied.

**IT IS SO ORDERED.**

**Dated this 5th day of February, 2016, at Topeka, Kansas.**

            **s/ Daniel D. Crabtree**
            **Daniel D. Crabtree**
            **United States District Judge**