**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**DONALD LEE COHEE,**

    **Defendant.**

**Case No. 13-CR-40101-01-DDC**

**MEMORANDUM AND ORDER**

Defendant Donald Lee Cohee has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 109); a Motion for Leave to Proceed in forma pauperis (Doc. 110); and a "Motion to Overturn Sentence of Wrongfully Sentence" (Doc. 111). For reasons explained below, the court denies Mr. Cohee's Motion for Leave to Proceed in forma pauperis as moot. The court also denies Mr. Cohee's other two motions, but without prejudice.

On June 30, 2014, Mr. Cohee pleaded guilty to one count of failing to register as a sexual offender, violating 18 U.S.C. § 2250(a) and 42 U.S.C. § 16901. Doc. 29. The court sentenced him on October 20, 2014, to 24 months in custody and five years of supervised release. Doc. 33 at 2–3. The judgment included Standard Conditions of Supervision. *Id.* at 3. One of those conditions prohibited Mr. Cohee from possessing, purchasing, or using any controlled substance except as prescribed by a physician. *Id.*

On April 19, 2017, Mr. Cohee admitted to violating mandatory conditions of his supervised release—specifically, failing to refrain from drug use. Doc. 99. Based on this violation, the court sentenced Mr. Cohee to 11 months' imprisonment. *Id.* at 2. Through counsel, Mr. Cohee has filed a Notice of Appeal. Doc. 100. Mr. Cohee's direct appeal raises

one issue—whether the court's imposition of a special condition of supervised release that prohibits Mr. Cohee from having unapproved and unsupervised contact with minors, but does not include an exception for Mr. Cohee's minor daughter, violates 18 U.S.C. § 3583(d)(2) or Mr. Cohee's constitutional due process rights.  The Tenth Circuit has not yet issued an opinion in Mr. Cohee's direct appeal.  Mr. Cohee[1] thus has filed his § 2255 motion before his direct appeal has concluded.

Mr. Cohee's § 2255 motion asserts four grounds for relief:  (1) the court erred in concluding that he had used a controlled substance because he ingested prescribed blood pressure medication;[2] (2) his probation officer never asked him to identify the controlled substance he ingested; and (3) he has depression.  Doc. 109.  Mr. Cohee also has filed a "Motion to Overturn Sentence of Wrongfully Sentence."  Doc. 111.  The court construes this filing as a supplement to his § 2255 motion because it asserts the same arguments.  This motion asks the court to overturn Mr. Cohee's revocation sentence because—he contends—no violation of his probation conditions occurred.

The court denies both of these motions as premature because Mr. Cohee has filed a direct appeal that is currently pending before the Tenth Circuit; the orderly administration of justice precludes a district court from considering a § 2255 motion while the direct appeal is still

---

[1]  Although counsel currently represents Mr. Cohee in his direct appeal, Mr. Cohee has filed the pending motions pro se.  The court normally refuses to consider a represented defendant's submissions when he has not processed them through his counsel.  *See*, *e.g.*, Docs. 61, 68.  But, here, the court considers Mr. Cohee's motions to explain why the relief he seeks is premature.  *See United States v. Hunter*, 466 F. App'x 706, 707 (10th Cir. 2012) (vacating a district court order striking a defendant's pro se § 2255 motion because he was represented by counsel and concluding that the district court lacked of jurisdiction because it was an unauthorized second or successive § 2255 motion).  Also, because Mr. Cohee files his motion pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]  At his revocation hearing, Mr. Cohee admitted that he had violated a condition of his supervised release by taking more of his blood medication than prescribed as part of a plan to overdose on the medication.  Doc. 107 at 30 -31 (Tr. 6:14–7:7).

pending; and Mr. Cohee has shown no extraordinary circumstances to justify the court's consideration of his § 2255 motion while his direct appeal is pending. *See*, *e.g.*, *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending"); *United States v. Hunter*, 458 F. App'x 732, 734 (10th Cir. 2012) (holding that the district court properly denied a § 2255 motion as premature because the defendant's direct appeal still was pending); *United States v. Williams*, Nos. 08-20141-JWL, 14-2128-JWL, 2014 WL 2115423, at *1 (D. Kan. May 21, 2014) (denying a § 2255 motion without prejudice as premature because defendant's appeal still was pending and defendant showed no extraordinary circumstances justifying consideration of the motion). Also, the court declines to issue a certificate of appealability because Mr. Cohee has not made a substantial showing of the denial of a constitutional right. *See Hunter*, 458 F. App'x at 733 (citing 28 U.S.C. § 2253(c)(2)).

Finally, Mr. Cohee has filed a Motion for Leave to Proceed in forma pauperis under 28 U.S.C. § 1915 (Doc. 110). Mr. Cohee's Motion fails to include an affidavit describing his assets as § 1915 requires. But, the court concludes that Mr. Cohee need not comply with § 1915 here. The Tenth Circuit has explained that "[r]equests for representation in criminal matters, including direct criminal appeals and the ancillary costs and fees attendant with an appeal, fall under the standards and procedures set forth under the Criminal Justice Act, 18 U.S.C. § 3006A, rather than those set forth in 28 U.S.C. § 1915." *United States v. Osuna*, 141 F.3d 1412, 1414 (10th Cir. 1998). And, under the Criminal Justice Act, a person for whom counsel was previously appointed may appeal "without prepayment of fees and costs or security therefore and without filing the affidavit required by § 1915(a) of Title 28." 18 U.S.C. § 3006A(d)(7). Here, the court

previously appointed counsel for Mr. Cohee under 18 U.S.C. § 3006A.  So, Mr. Cohee may proceed in his direct criminal appeal without prepayment of fees and costs or security and without filing the affidavit required by 28 U.S.C. § 1915(a).  The court thus denies as moot Mr. Cohee's Motion for Leave to Proceed in forma pauperis.  *See*, *e.g.*, *United States v. Perry*, No. 05-CR-101, 2007 WL 2209253, at *1 (E.D. Wisc. July 27, 2007) (denying motion to proceed in forma pauperis as moot because the court previously had appointed counsel for defendant under the CJA, thus authorizing defendant to appeal without prepayment of fees and costs (citing 18 U.S.C. § 3006A)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Donald Lee Cohee's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 109) is denied without prejudice.  The court also denies a certificate of appealability.

**IT IS FURTHER ORDERED THAT** defendant Donald Lee Cohee's Motion for Leave to Proceed in forma pauperis (Doc. 110) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendant Donald Lee Cohee's "Motion to Overturn Sentence of Wrongfully Sentence" (Doc. 111) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 16th day of November 2017, at Topeka, Kansas.

        **s/ Daniel D. Crabtree**_____
        **Daniel D. Crabtree**
        **United States District Judge**